1  BAKER & HOSTETLER LLP
   MICHAEL K. FARRELL (*pro hac vice*)
2  KYLE T. CUTTS (CA BAR NO. 257641)
   DANTE A. MARINUCCI (*pro hac vice*)
3  Key Tower
   127 Public Square, Suite 2000
4  Cleveland, OH 44114-1214
   Telephone:  216.621.0200
5  Facsimile:   216.696.0740

6  Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| LINDA HALL, individually and on behalf of all others similarly situated, | Case No.: 8:19-cv-01153-AG-ADS |
| Plaintiff, | Hon. Andrew J. Guilford |
| TIME, INC., a Delaware corporation; MEREDITH CORP., an Iowa corporation; and DOES 1-100, inclusive, | **TIME, INC'S AND MEREDITH CORP.'S REPLY IN SUPPORT OF MOTION TO DISMISS CLASS ACTION COMPLAINT** |
| Defendants. | Hearing Date: September 23, 2019<br>Hearing Time: 10:00 a.m.<br>Location: Court 10D |

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ............................... 1

1. INTRODUCTION ................................................................................ 1
2. LEGAL ARGUMENT .......................................................................... 1
   A. By Untimely Filing Her Opposition, Hall Consented to Granting Defendants' Motion ........................................................ 1
   B. Hall's ARL Allegations Remain Implausible. .................................. 2
   C. Hall Lacks Statutory Standing to Assert her UCL Claim. ................. 5
   D. Hall's Section 496 and Conversion Claims (Counts II and III) Fail for Additional Reasons. .............................................. 7
   E. Hall Likely Cannot Plead Plausible Claims in an Amended Complaint. ........................................................................... 9
3. CONCLUSION ................................................................................... 10

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
CLEVELAND

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AdTrader, Inc. v. Google, LLC*,
  No. 17-cv-07082-BLF, 2018 WL 3428525 (N.D. Cal. July 13, 2018) ............. 7

*Daro v. Superior Court*,
  151 Cal. App.4th 1079, 61 Cal. Rptr.3d 716 (2007) ........................................ 6

*Deleon v. Time Warner Cable LLC*,
  No. CV 09-2438 AG RNBX, 2009 WL 9426145, at *3 (C.D. Cal. July 17, 2009) ................................................................................................................ 5

*Driver v. Acquisto*,
  145 Cal. App. 2d 304 (1956) ........................................................................... 9

*Hall v. Time Inc.*,
  158 Cal. App. 4th 847 (2008) .......................................................................... 6

*Johnson v. Pluralsight, LLC*,
  728 Fed. App'x 674 (9th Cir. 2018) ................................................................. 6

*Kissel v. Code 42 Software, Inc.*,
  No. SACV151936JLSKESX, 2016 WL 7647691 (C.D. Cal. Apr. 14, 2016) .. 6

*Klett v. Sec. Acceptance Co.*,
  38 Cal. 2d 770 (1952) ...................................................................................... 9

*Kwikset Corp. v. Superior Court*,
  51 Cal. 4th 310 (2011) ................................................................................. 5, 6

*Lucchesi v. Bank of America*,
  No. SACV 19-00012, 2019 WL 1601391 (C.D. Cal. Feb. 25, 2019) (Guilford, J.) ...................................................................................................................... 5

*Minasyan v. Allen L. Adkins & Assocs., PC*,
  No. 2:12-CV-01864-ODW, 2012 WL 3848648 (C.D. Cal. Sept. 5, 2012) ...... 2

*MMM Holdings, Inc. v. Reich*,
  21 Cal. App. 5th 167 (Ct. App. 2018) ............................................................. 7

*Nguyen v. Barnes & Noble Inc.*,
  763 F.3d 1171 (9th Cir. 2014) .................................................................................. 4

*People v. Brady*,
  275 Cal. App. 2d 984 (1969) ..................................................................................... 8

*People v. Lorenzo*,
  64 Cal. App. 3d Supp. 43 (App. Dep't Super Ct. 1976) ................................... 8

*People v. Stuart*,
  272 Cal. App. 2d 653 (1969) ..................................................................................... 7

*People v. Williams*,
  57 Cal. 4th 776 (2013) ................................................................................................. 9

*People v. Wooten*,
  44 Cal. App. 4th 1834 (1996) ................................................................................... 8

*Sec. & Exch. Comm'n v. Wayland*,
  No. SACV 17-01156AG, 2017 WL 10438822 (C.D. Cal. Oct. 2, 2017)
  (Guilford, J.) ................................................................................................................. 2

*In re Turner*,
  859 F.3d 1145 (9th Cir. 2017) .................................................................................. 6

*Wade v. Sw. Bank*,
  211 Cal. App. 2d 392 (1962) ..................................................................................... 3

*Whitehurst v. CVS Pharmacy*,
  2013 WL 6086905 (C.D. Cal. Nov. 18, 2013) (Guilford, J.) .......................... 9

**Statutes**

Cal. Bus. & Prof. Code § 17200, *et seq.* .............................................................. 1, 6

Cal. Bus. & Prof. Code § 17600, *et seq.* ................................................................. 1

Cal. Bus. & Prof. Code § 17602(a)(2) ...................................................................... 1

California Penal Code § 496 ............................................................................ 1, 7, 8

**Rules**

C.D. Cal. L.R. 7-12 .................................................................................................. 1, 2

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
CLEVELAND

C.D. Cal. L.R. 7-9 .................................................................................................... 2

Federal Rule of Civil Procedure 6 ........................................................................... 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

Plaintiff Linda Hall did not timely oppose defendants' motion to dismiss. And when she did, her brief only confirmed that she seeks to impose obligations on defendants that California's Automatic Renewal Law ("ARL") does not. Cal. Bus. & Prof. Code § 17600, *et seq.* The ARL does not require a separate, stand-alone consent to automatic renewal; it requires consent to an "*agreement containing the automatic renewal* offer terms . . . ." Cal. Bus. & Prof. Code § 17602(a)(2) (emphasis added). As shown by the exhibits to Hall's complaint, the multiple, affirmative steps and disclosures in the process of ordering a subscription more than comply with this requirement. Because a purported violation of the ARL is the sole basis for each of Hall's claims, her inability to demonstrate an ARL violation is fatal to them all.

Further, Hall's claim through California's Unfair Competition Law ("UCL") also fails because she lacks standing to bring it. Cal. Bus. & Prof. Code § 17200, *et seq.* Contrary to Hall's theory, California courts and the Ninth Circuit have made clear that to have UCL standing she must allege that she would not have purchased her subscription "but for" defendants' alleged ARL violation, which she does not do. Hall's claims for violation of California Penal Code § 496 and conversion fail for the additional reasons that she has not alleged that defendants specifically intended to defraud her or the causation required for such a claim and because she consented to the transfer of the monies at issue.

## 2. LEGAL ARGUMENT

### A. By Untimely Filing Her Opposition, Hall Consented to Granting Defendants' Motion.

Hall filed her opposition brief four days after the due date. Thus, the Court may grant Defendants' motion without considering her brief. *See* C.D. Cal. L.R. 7-

1
REPLY IN SUPPORT OF MOTION TO DISMISS CLASS ACTION COMPLAINT
CASE NO.: 8:19-CV-01153-AG-ADS

12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."); *Sec. & Exch. Comm'n v. Wayland*, No. SACV 17-01156AG, 2017 WL 10438822, at *1 (C.D. Cal. Oct. 2, 2017) (Guilford, J.) (denying defendant's motion to dismiss as untimely pursuant to Local Rule 7-12).

Hall and Defendants agreed on a hearing date of September 23, 2019, making Hall's opposition due September 2, 2019. C.D. Cal. L.R. 7-9. But because September 2, 2019 "was Labor Day, Federal Rule of Civil Procedure 6(a)(1)(C) and (a)(5) direct that [Hall's] opposition [was] due instead on Friday," August 30, 2019. *Minasyan v. Allen L. Adkins & Assocs., PC*, No. 2:12-CV-01864-ODW, 2012 WL 3848648, at *1 (C.D. Cal. Sept. 5, 2012) (discussing the impact of Labor Day on plaintiff's filing of an opposition brief and viewing the failure to timely file as consent to the granting of a motion). Hall, however, did not file and serve her opposition until the afternoon of September 3, 2019. (ECF No. 18.)[1] Because Hall failed to file her opposition brief in the time provided by the rules, she has consented to the granting of Defendants' motion. C.D. Cal. L.R. 7-12; *Wayland*, 2017 WL 10438822, at *1; *Minasyan*, 2012 WL 3848648, at *1.

Even if the Court considers Hall's brief, nothing therein changes the fact that her complaint should be dismissed for failing to state valid claims. *Wayland*, 2017 WL 10438822, at *1 ("Dow's motion is denied because of its failure to comply with Local Rule 7-12, and because of the other reasons justifying denial discussed throughout this order.").

**B.     Hall's ARL Allegations Remain Implausible.**

Hall's primary basis for claiming a violation of California's ARL—that Defendants were required to have a separate "prompt or feature" to capture her

---

[1] A "corrected" version was filed two days later, on September 5, 2019. (Dkt. No. 19.)

affirmative consent to the automatic renewal in particular—is incorrect as a matter of law. The statute does not require such a feature. Rather, the consumer must affirmatively consent to the *agreement containing* the automatic renewal, not separately consent solely to the automatic renewal option, as Hall claims.

Hall does not analyze the controlling statutory language. Nor does she deny that she seeks to impose a distinct requirement of separate, free-standing affirmative consent to the automatic-renewal feature. (*See* Opp'n at 13-14 (arguing that Defendants are required to have a separate check box like the "gift option" checkbox).) Instead, she argues that because dictionary definitions of "affirm" and "explicit"—neither of which appear in the relevant portion of the statute—mean "leaving nothing implied," affirmative consent can only be achieved by "express" rather than "implied" consent (again, neither of which are in the statute). (*Id.* at 8.) "Express" consent, Hall argues, can only be achieved orally ("*viva voce*") or "in writing." (*Id.* (quoting *Wade v. Sw. Bank*, 211 Cal. App. 2d 392, 406 (1962).) Under this tortured reading of "affirmative consent," which has no basis in the ARL, not even Hall's proposed "prompt or feature" would pass muster.

To the extent that she responds to Defendants' other arguments, Hall mischaracterizes them.[2] Her brief inaccurately treats parts of the order flow attached to her complaint as though each appears onscreen independent of the others, ignoring the fact that all are part of an online sequence that lead to a subscription agreement and that one cannot reach one without passing through the others. From this incorrect premise, Hall then argues that each piece separately fails to comply with the ARL. (Opp'n at 7-13.)

---

[2] Hall also abandons allegations made in her complaint. For example, Hall makes no effort to defend her allegation that Defendants failed to provide an online mechanism to cancel after Defendants noted that the online-cancellation requirement was not in effect when she allegedly placed her order.

3

Hall's graphic representations of her exhibits in the text of her brief are also inaccurate or incomplete. For example, the depiction of the Automatic Renewal Notice does not reflect the yellow, highlighted box in which that language appears and the text and spacing are distorted. (*Compare* Opp'n at 11-12 *with* Compl. Exhibit A, Page ID #25; Compl. Exhibit B, Page ID #31; *compare also* Opp'n at 8-9 *with* Compl. Exhibit A, Page ID #22; Compl. Exhibit B, Page ID #28.)[3]

But considering the entire flow Hall actually attached to her complaint, Hall's claim of non-compliance is implausible. By the time the customer has reached the "Submit Order" button, she has (1) viewed the disclosure that "All magazines will automatically renew annually" that appears right above the "Checkout now" button, which must be clicked to proceed; (2) been prompted to view Defendants' terms and conditions; and (3) viewed the full automatic renewal disclosure, which, as Hall admits, is set off with a bright yellow background and is presented before the "Submit Order" button. (Compl. Exhibit B, Page ID #28-32.)

Thus, Hall's critique of each piece of the flow (many of which are *not* alleged in her complaint) is irrelevant when the entire flow is considered.[4] For example, even though the disclosure before the "Checkout Now" button does not itself explain that the subscription will continue until the consumer cancels or describe the cancellation policy (Opp'n at 10), the disclosure at the end of the flow does, thereby satisfying those requirements of the ARL (Compl. Exhibit B, Page ID #31). Simply put, the statute does not require that every term of an agreement

---

[3] Defendants do not assert that these distortions were deliberate.
[4] Hall's sole case on this point, *Nguyen v. Barnes & Noble Inc.*, actually supports *Defendants* argument. 763 F.3d 1171 (9th Cir. 2014). There, the Ninth Circuit held that where a website "provides no notice to users nor prompts them to take any *affirmative* action to demonstrate assent," the use of hyperlinks alone is insufficient. *Id.* at 1178-79 (emphasis added). In contrast, Defendants here have provided "notice" of the automatic-renewal feature to users above both the "Checkout Now" and "Submit Order" buttons *and* required users to take affirmative action by clicking both buttons.

appear on every button; nor does it dictate use of the terms "we request," or "I affirmatively consent."

Likewise, the supposed deficiencies enumerated by Hall on pages 12-13 of her brief are either re-treads of her debunked "affirmative consent" argument (*id.* at 10-11, Nos. (1), (2), (6)), or the same types of insufficient, conclusory allegations of non-compliance that merely recite statutory elements and are belied by the documents attached to her complaint (*id.* Nos. (3), (4), (5)). *See Deleon v. Time Warner Cable LLC*, No. CV 09-2438 AG RNBX, 2009 WL 9426145, at *3 (C.D. Cal. July 17, 2009) (Guilford, J.) ("slavishly repeat[ing]" the statutory elements as factual allegations does not state valid claims); *Lucchesi v. Bank of America*, No. SACV 19-00012, 2019 WL 1601391, at *2 (C.D. Cal. Feb. 25, 2019) (Guilford, J.) (same).

The failure of Hall's ARL claim alone mandates dismissal of the balance of her claims. But each fails for additional reasons as well.

### C. Hall Lacks Statutory Standing to Assert her UCL Claim.

Hall argues that because she alleges violations of only the unfair and the unlawful prongs of the UCL, she need not allege but-for causation. This is wrong. Even under the unfair and unlawful prongs, a plaintiff must allege that the purported ARL violation was the but-for cause of her injury in order to have statutory standing under the UCL. The Supreme Court of California made this requirement clear in *Kwikset*: "[t]o satisfy the narrower standing requirements imposed by [the UCL], a party must . . . show that that economic injury was *the result of, i.e., caused by*, the unfair business practice or false advertising that is the gravamen of the claim." *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322 (2011) (emphasis added). The court there went on to specifically address causation and explain that the statutory language of the UCL "requires that a plaintiff's economic injury come 'as a result of' the unfair competition or a violation of the

false advertising law. 'The phrase "as a result of" in its plain and ordinary sense means "caused by" and requires a showing of a causal connection or reliance on the alleged misrepresentation.'" *Kwikset*, 51 Cal. 4th at 326 (quoting Cal. Bus. & Prof. Code §§ 17204, 17535 and *Hall v. Time Inc.*, 158 Cal. App. 4th 847, 855 (2008), as modified (Jan. 28, 2008)). Thus, to establish standing for an ARL-based UCL claim, a plaintiff must allege a causal connection between the alleged injury and the alleged violation of the ARL.

While it is true (as Hall notes and as recognized in Defendants' moving papers) that a plaintiff must allege reliance for purposes of statutory standing only if she alleges that defendants provided deceiving or misleading information, which Hall does not, that is irrelevant here. Even where a UCL claim does not sound in fraud, plaintiff must still allege but-for causation. *See Kissel v. Code 42 Software, Inc.*, No. SACV151936JLSKESX, 2016 WL 7647691, at *8 (C.D. Cal. Apr. 14, 2016) (not requiring reliance where plaintiff's claims did not sound in fraud, but rejecting plaintiff's assertion that no causation was required and holding that "some form of causation is clearly required as to her claims").

The Ninth Circuit has explained that a plaintiff fails to adequately allege causation for purposes of UCL standing "if he or she would have suffered 'the same harm whether or not a defendant complied with the law.'" *In re Turner*, 859 F.3d 1145, 1151 (9th Cir. 2017) (quoting *Daro v. Superior Court*, 151 Cal. App.4th 1079, 61 Cal. Rptr.3d 716, 729 (2007)). Hall makes no attempt at meeting this standard in her complaint. And her opposition points to nothing that could demonstrate that her alleged harm would have occurred even if Defendants complied with her (incorrect) reading of the ARL.

Finally, *Johnson v. Pluralsight, LLC*, 728 Fed. App'x 674 (9th Cir. 2018) does not support Hall's argument that causation is not required for her claims. The

court's reasoning there focused solely on the injury requirement of standing; it did not address the causation requirement for standing.

Hall's apparent belief that there is an exception to UCL statutory standing for ARL allegations and that her bare allegation of an ARL violation suffices also as an allegation of causation is contrary to both California and Ninth Circuit law, and this Court should reject it and dismiss Hall's claims accordingly.

### D. Hall's Section 496 and Conversion Claims (Counts II and III) Fail for Additional Reasons.

Plaintiff does not dispute that her § 496 claim requires that she allege that Defendants both knew the property at issue (her money) was "stolen" and specifically intended to defraud her. (*See* Defs.' Brief in Support of Motion to Dismiss at 13-14 and cases cited therein.) Hall also does not refute the fact that, because the sole basis for her theory that her money was stolen is that Defendants' violated the ARL, the only plausible way she could allege Defendants knew that money was stolen would be to allege that they knew they were violating the ARL. Hall makes no such allegation.

Instead, Hall first claims that she does allege the required knowledge and intent in paragraph 52 of her complaint. But paragraph 52 merely recites the language of § 496 and contains no factual allegations about Defendants' knowledge of any ARL violation, let alone the violation that Hall claims.

Hall's attempts to factually distinguish *MMM Holdings, Inc. v. Reich*, 21 Cal. App. 5th 167, 185 (Ct. App. 2018), *AdTrader, Inc. v. Google, LLC*, No. 17-cv-07082-BLF, 2018 WL 3428525, at *9 (N.D. Cal. July 13, 2018), and *People v. Stuart*, 272 Cal. App. 2d 653, 656 (1969) are unpersuasive. More important, they

do not change the fact that knowledge that property is stolen and specific intent to defraud are critical elements of her claim and not alleged here.[5]

Equally inapposite are Hall's citations to cases noting that intent may be inferred from circumstantial *evidence at a hearing*, or that an accounting firm could be charged with constructive knowledge of a statute providing that its audit of an insurance company would go to the insurance commissioner. Nothing in those cases relieves Hall of her pleading burdens. And, in any event, Hall alleges no facts or circumstances from which Defendants' knowledge that they were violating the ARL (as opposed to knowing it exists) could be inferred or constructive knowledge of such violation could be imposed upon them.

Hall's argument that reliance or causation is not one of the elements of a § 496 claim is both incorrect and misses the point. Indeed, the very cases Hall cites make clear that the property must be obtained as a result, or "by means of," the allegedly false pretense and that reliance is required. *People v. Brady*, 275 Cal. App. 2d 984, 995 (1969); *see also People v. Wooten*, 44 Cal. App. 4th 1834, 1842-43 (1996) ("[T]heft by false pretenses requires proof … that the owner transferred the property to the defendant in reliance on the representation."); *People v. Lorenzo,* 64 Cal. App. 3d Supp. 43, 46-47 (App. Dep't Super Ct. 1976) (no theft by false pretenses where there was no reliance on defendant's conduct).

Moreover, nowhere in the more than seven pages of her brief devoted to this claim does Hall point to *any* allegation that she would not have purchased her subscription but for the technical ARL violation she claims. Because Hall does not allege that *she* ever demanded return of any funds, let alone that Defendants refused any such request by *her*, the repeated claims in her brief that other,

---

[5] Section IV.C of Hall's brief consists entirely of quotations from cases reciting the elements of a § 496 claim and only confirm that knowledge that property is stolen and specific intent to defraud are required. Hall offers no explanation of how she believes these cases support her claim here.

unnamed people were refused refunds, and that this somehow shows reliance cannot save Hall's claim.

Finally, Hall's last-ditch theory that defendant's alleged ARL violation somehow constitutes "larceny" fails for the same reason that her conversion claim fails. Both larceny and conversion claims fail where, as here, the purported victim consented to the transfer of funds. *People v. Williams*, 57 Cal. 4th 776, 783 (2013) ("[L]arceny requires a trespassory taking, which is a taking without the property owner's consent."); *see Klett v. Sec. Acceptance Co.*, 38 Cal. 2d 770, 789 (1952); *Driver v. Acquisto*, 145 Cal. App. 2d 304, 308 (1956). Hall's voluntary actions in ordering her subscription, and not cancelling after she received notice that it would renew if she did not cancel, constitute consent for purposes of both larceny and conversion and bar these claims.

### E. Hall Likely Cannot Plead Plausible Claims in an Amended Complaint.

In their motion, Defendants expressed doubt that Hall could amend her complaint to allege facts plausibly supporting her claims but admitted that she had a right to try. Hall chose not to do so before filing her opposition, and instead asks the Court to permit her to amend if her complaint is dismissed. (Opp'n at 27.) But tellingly, Hall does not point to any additional facts she would (or could) allege in an amended complaint, and certainly no facts about her own transaction or circumstances. While leave to amend is usually freely given at this stage of the proceedings, the motion to dismiss record, Hall's tepid request for leave to amend, and her untimely filing all suggest that she has nothing more to say. *Whitehurst v. CVS Pharmacy*, 2013 WL 6086905, at *4 (C.D. Cal. Nov. 18, 2013) (Guilford, J.) (dismissing where amendment "would be an exercise in futility").

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
CLEVELAND

### 3. **CONCLUSION**

Defendants respectfully request that the Court dismiss Hall's complaint in its entirety, and with prejudice.

Respectfully submitted,

Dated: September 9, 2019     **BAKER & HOSTETLER LLP**

By:  */s/ Kyle T. Cutts*
KYLE T. CUTTS (CA Bar No. 257641)
kcutts@bakerlaw.com
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114-1214
Telephone:  216.621.0200
Facsimile:   216.696.0740

*Attorney for Defendants*