UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 19-001153 AG (ADSx) | Date | September 24, 2019 |
|---|---|---|---|
| Title | LINDA HALL V. TIME, INC. ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Melissa Kunig | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**[IN CHAMBERS] ORDER REGARDING DEFENDANTS' MOTION TO DISMISS**

This case is about automatic renewals on magazine subscriptions. Plaintiff Linda Hall filed this putative class action lawsuit against Defendants Time, Inc. and Meredith Corp., asserting the following three claims: (1) violations of California's Unfair Competition Law ("UCL"); (2) theft under California Penal Code § 496; and (3) conversion. (*See generally* Compl., Dkt. No. 1.) Defendants now move to dismiss all Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6). (*See generally* Mot., Dkt. No. 16.)

The Court GRANTS Defendants' motion to dismiss under Rule 12(b)(6) with leave to amend. An amended pleading may be filed within **20 days** of this order.

**1.     BACKGROUND**

The following facts are taken from the complaint, and at this stage the Court assumes they're true.

Defendants publish People Magazine. (Compl. at ¶¶ 10, 18.) In 2017, Plaintiff purchased a 40-issue subscription of the magazine. (*Id.* at ¶ 17.) According to Plaintiff, subscribing to the magazine required two main steps. First, Plaintiff clicked on an advertisement for the subscription displayed on her Instagram account. (*Id.* at ¶ 17, Exh. B, 1-2.) Second, after clicking "checkout now" on the advertisement, Plaintiff was directed to a separate "Checkout" screen where she was instructed to input her payment information and submit her subscription order. (*Id.* at ¶ 20, Exh. B, 3-6.)

Both the advertisement page and the "Checkout" page contained notices stating that Plaintiff's subscription would automatically renew annually. (*Id.* at ¶¶ 19-21, Exh. B, 2-5.) Specifically, on the advertisement page, the notice stated, "All magazine subscriptions will

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-001153 AG (ADSx) | Date | September 23, 2019 |
|---|---|---|---|
| Title | LINDA HALL V. TIME, INC. ET AL. | | |

automatically renew annually." (*Id.* at Exh. B, 2.) This notice appeared immediately above the "checkout now" button, which Plaintiff had to click on to navigate to the "Checkout" page and complete her subscription. (*Id.* at ¶ 20, Exh. B, 3-6.) The notice on the "Checkout" page appeared after Plaintiff input her payment information but before Plaintiff could hit the "submit order" button. (*Id.* at ¶ 21, Exh. B, 5.) That notice was highlighted yellow and included, in bold typeface, the words "Automatic Renewal Notice." (*Id.*) It also provided the following message:

> After your initial term, your magazine subscriptions will automatically renew annually until you tell us to stop. You will receive a reminder of the renewal approximately 30 days in advance. Your credit card or method of payment will be charged at the time of purchase, and before the start of each new annual term, at the rate stated in the notice. You can contact customer service or cancel, at any time.

(*Id.*)

About a month before the end of her initial subscription term, Plaintiff received a postcard reminding her that her subscription would renew if she didn't cancel it. (*Id.* at ¶ 25, Exh. C. 1-2.) On the reverse side of the postcard, it said:

> Your PEOPLE subscription will continue for the next term of issues using the account number you agreed to be billed. You will be billed or charged $67.50 for a total of 54 issues, which will run from 12/10/18-11/26/19. If you wish to discontinue, call 1-800-541-9000 by 10/2/18 and no charge will appear . . . .

(*Id.* at ¶ 26, Exh. C, 2.) Plaintiff did not respond to the postcard reminder and Defendants charged her $67.50 for her second-term subscription. (*Id.* at ¶ 27.)

**2.      LOCAL RULE COMPLIANCE**

Defendants argue that Plaintiff filed her opposition brief four days late and, therefore, that the Court should deem Defendants' motion to dismiss unopposed. (Reply, Dkt. No. 20 at 1-2.) While the Court "may decline to consider any memorandum . . . not filed within the deadline set by order or local rule," the Court will consider Plaintiff's late opposition in the interest of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-001153 AG (ADSx) | Date | September 23, 2019 |
|---|---|---|---|
| Title | LINDA HALL V. TIME, INC. ET AL. | | |

justice. *See* C.D. Cal. L.R. 7-12. The Court cautions Plaintiff that the failure to follow the Federal Rules of Civil Procedure or this Court's Local Rules moving forward may result in sanctions, including monetary sanctions or striking untimely documents.

### 3. ANALYSIS

#### 3.1 Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." With that liberal pleading standard, the purpose of a motion under Rule 12(b)(6) is "to test the formal sufficiency of the statement of the claim for relief." 5B C. Wright & A. Miller, Federal Practice and Procedure § 1356, p. 354 (3d ed. 2004). A pleading fails to state a claim when it (1) lacks a cognizable legal theory or (2) identifies a cognizable legal theory but fails to allege sufficient supporting facts. *Hinds Investments, L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[D]etailed factual allegations" are not required. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

#### 3.2 UCL Claim

Plaintiff's first claim is for violations of the UCL. Plaintiff bases this claim on Defendants' alleged violations of another law: California's Automatic Renewal Law ("ARL"). (*See* Compl. at ¶¶ 42-43.) *See also Wahl v. Yahoo! Inc.*, No. 17-CV-02745-BLF, 2018 WL 6002323, at *1 (N.D. Cal. Nov. 15, 2018) ("While the ARL does not create a private right of action, violation of the ARL can be the basis for a claim under [the UCL]." (citing *Johnson v. Pluralsight, LLC*, 728 F. App'x 674, 676-77 (9th Cir. 2018)).

Among other things, the ARL makes it unlawful for businesses making automatic renewal offers to California consumers to do anything that follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-001153 AG (ADSx) | Date | September 23, 2019 |
|---|---|---|---|
| Title | LINDA HALL V. TIME, INC. ET AL. | | |

> (1) Fail to present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual proximity . . . to the request for consent to the offer . . . .
> (2) Charge the consumer's credit or debit card, or the consumer's account with a third party, for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms . . . .
> (3) Fail to provide an acknowledgment that includes the automatic renewal offer terms or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer . . . .

Cal. Bus. & Prof. Code § 17602(a)(1)-(3). The ARL also makes it unlawful not to offer consumers a way to cancel their automatically renewing subscriptions online. *See id.* at § 17602(c).

Here, Plaintiff alleges Defendants violated all three subsections listed in Section 1702(a), as well as Section 17602(c)'s online cancellation requirement. (*See* Compl. at ¶¶ 2, 28-29, 42.) The Court considers each of these potential violations in turn.

### 3.2.1 Section 17602(a)(1)

Plaintiff hasn't plausibly alleged Defendants violated Section 17602(a)(1) of the ARL. Again, that section requires a business to "present the automatic renewal offer terms . . . in a clear and conspicuous manner" before subscription or purchase. Cal. Bus. & Prof. Code § 17602(a)(1). But based on the allegations in Plaintiff's complaint, Defendants complied with this requirement. Indeed, Plaintiff alleges (and attaches the screenshots supporting) that Defendants repeatedly presented Plaintiff with the automatic renewal terms in a clear and conspicuous manner during the subscription process. (*See* Compl. Exh. B., 2.) When Plaintiff first saw the subscription offer on her social media, that offer was coupled by a notice clearly stating that "[a]ll magazine subscriptions will automatically renew annually." (*Id.*) And because that notice was placed directly above the "checkout now" button, which Plaintiff clicked to proceed with her subscription, it was conspicuous. (*Id.*) Then again, at the next screen,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-001153 AG (ADSx) | Date | September 23, 2019 |
|---|---|---|---|
| Title | LINDA HALL V. TIME, INC. ET AL. | | |

Plaintiff confronted another automatic renewal notice providing additional detail about Defendants' automatic renewal service. (*Id.* at Exh. B, 5.) This notice appeared just before the "submit order" button, and was highlighted yellow with the words "Automatic Renewal Notice" bolded. (*Id.* at 5-6.) From this, it's clear Plaintiff was adequately informed of Defendants' automatic renewal notice in plain and conspicuous terms.

Plaintiff's reliance on *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171 (9th Cir. 2014) doesn't change this conclusion. *Nguyen* considered whether hyperlinks to the defendants' terms of service was sufficient to notify users of an arbitration clause contained in those terms. *Nguyen*, 763 F.3d at 1173. That's much different than the situation here, where the Court is instead considering whether Plaintiff has plausibly alleged insufficient notification of Defendants' automatic renewal notice during the subscription process. And in any case, the Court doesn't rely on Defendants' terms of service (or the hyperlink to those terms) in its analysis here. Accordingly, Plaintiff fails to plausibly allege a UCL claim based on Section 1702(a)(1) of the ARL.

### 3.2.2   Section 17602(a)(2)

Similarly, the Court finds Plaintiff hasn't plausibly alleged an ARL violation under Section 17602(a)(2). Again, this section requires Plaintiff to plead facts showing Defendants "charge[d] [Plaintiff's] credit or debit card . . . for an automatic renewal or continuous service without first obtaining [her] affirmative consent to the agreement containing the automatic renewal offer terms . . . ." *See* Cal. Bus. & Prof. Code § 17602(a)(2). But Plaintiff fails to make such a showing. To the contrary, the facts contained in Plaintiff's complaint may preclude her from alleging a Section 17602(a)(2) violation. This is because Section 17602(a)(2) only requires a consumer to affirmatively consent to "*the agreement containing the automatic renewal offer terms,*" not the automatic renewal terms themselves. And here, because Plaintiff clicked through two separate pages containing the automatic renewal agreement before deciding to purchase her People magazine subscription, Plaintiff affirmatively consented to the agreement containing the automatic renewal offer terms. The Court thus finds Plaintiff can't sustain her UCL claim based on a violation of Section 17602(a)(2) of the ARL.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-001153 AG (ADSx) | Date | September 23, 2019 |
| Title | LINDA HALL V. TIME, INC. ET AL. | | |

### 3.2.3  Section 17602(a)(3)

Plaintiff also fails to plausibly allege a violation of Section 17602(a)(3). This subsection says businesses must "provide an acknowledgment that includes the automatic renewal offer terms or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer." Cal. Bus. & Prof. Code § 17602(a)(3). Again, based on Plaintiff's complaint, it's clear Defendants complied with this statutory requirement. Indeed, Plaintiff alleges that, a month before her subscription ended, she received a postcard from Defendants reminding her that her subscription would automatically renew if she didn't cancel it. (Compl. at ¶¶ 25-26, Exh. C., 1-2.) That reminder informed Plaintiff she could cancel her subscription before the automatic renewal went into effect by simply dialing a 1-800 number. (*Id.*) Accordingly, Plaintiff doesn't adequately allege a UCL claim based on Defendants purported violations of Section 17602(a)(3) of the ARL.

### 3.2.4  Section 17602(c)

Turning to Section 17602(c) of the ARL, the Court again finds Plaintiff fails to adequately support her UCL claim. Section 17602(c) contains an online cancelation requirement for businesses offering automatic renewal services. Cal. Bus. & Prof. Code § 17602(c). As a matter of law, Plaintiff can't plausibly allege Defendants violated this subsection because the relevant requirement didn't become effective until July 1, 2018. *Compare* Cal. Bus. & Prof. Code § 17602 (2018) (effective July 1, 2018), *with* Cal. Bus. & Prof. Code § 17602 (2010) (repealed effective Jan. 1, 2019 by 2017 Cal SB 313). Thus, Defendants were under no requirement to provide Plaintiff an online cancellation method when she subscribed to their magazine in 2017. *See* Cal. Bus. & Prof. Code § 17602(e) ("The requirements of [Section 17602 (with two exceptions not relevant here)] shall apply only prior to the completion of the initial order for the automatic renewal or continuous service."). The Court thus finds Plaintiff fails to plausibly allege a violation of Section 17602(c) of the ARL.

At bottom, Plaintiff fails to plead sufficient facts showing Defendants violated any provision of the ARL. Dismissal of Plaintiff's UCL claim is thus appropriate. Accordingly, the Court need not consider Defendants' other arguments concerning standing under the UCL. (*See* Mot. at 10-13; Reply at 5-7.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-001153 AG (ADSx) | Date | September 23, 2019 |
|---|---|---|---|
| Title | LINDA HALL V. TIME, INC. ET AL. | | |

### 3.3  Theft and Conversion Claims

Plaintiff's second claim is for "theft by false and fraudulent presentations or pretense," in violation of California Penal Code Section 496. Plaintiff's third and final claim is for conversion. Both claims are premised on Defendants' alleged violations of the ARL. (*See* Compl. at ¶¶ 49-54, 55-57.) Because the Court has already found that Plaintiff fails to plausibly allege any ARL violations, the Court also finds Plaintiff fails to plausibly allege her theft and conversion claims. The Court thus dismisses these claims.

### 4.   LEAVE TO AMEND

If a court dismisses certain claims, "[l]eave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts[.]'" *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 112 (9th Cir. 2000) (en banc)); *see also* Fed. R. Civ. P. 15(a). Here, the Court finds leave to amend is appropriate and thus grants Plaintiff's request for leave to amend.

### 5.   DISPOSITION

The Court GRANTS Defendants' motion to dismiss under Rule 12(b)(6). The Court GRANTS Plaintiff's request for leave to amend. An amended pleading may be filed within **20 days** of this order.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | mku | |