1   BAKER & HOSTETLER LLP
    MICHAEL K. FARRELL (*pro hac vice*)
2   KYLE T. CUTTS (CA BAR NO. 257641)
    DANTE A. MARINUCCI (*pro hac vice*)
3   Key Tower
    127 Public Square, Suite 2000
4   Cleveland, OH  44114-1214
    Telephone:  216.621.0200
5   Facsimile:   216.696.0740

6   MARCUS S. MCCUTCHEON (CA BAR NO.
    281444)
7   600 Anton Boulevard, Suite 900
    Costa Mesa, CA 92626-7221
8   Telephone:  714.754.6600
    Facsimile:   714.754.6611

9
    *Attorneys for Defendants*
10

11                  **IN THE UNITED STATES DISTRICT COURT**

12                  **CENTRAL DISTRICT OF CALIFORNIA**

13                          **SOUTHERN DIVISION**

14

15   LINDA HALL, individually and on          Case No.: 8:19-cv-01153-AG-ADS
     behalf of all others similarly situated,
16                                             Hon. Andrew J. Guilford
                   Plaintiff,
17                                             **TIME, INC'S AND MEREDITH
     TIME, INC., a Delaware corporation;       CORP.'S REPLY IN SUPPORT
18   MEREDITH CORP., an Iowa                    OF MOTION TO DISMISS
     corporation; and DOES 1-100,              FIRST AMENDED CLASS
19   inclusive,                                 ACTION COMPLAINT**

20                 Defendants.                  Hearing Date:   February 3, 2020
                                                Hearing Time:   10:00 a.m.
21                                              Location: Court 10D

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
CLEVELAND

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
CLEVELAND

## MEMORANDUM OF POINTS AND AUTHORITIES

## 1.   INTRODUCTION

Plaintiff Linda Hall's amended complaint should be dismissed for the same reasons that this Court dismissed her original complaint. This Court dismissed Plaintiff's original complaint because it determined that the offer flow about which she complains does not violate California's Automatic Renewal Law, § 17600 *et seq*. ("ARL").  Nothing has changed. The law has not changed, the offer flow has not changed, and accordingly the result should not change. Just like her original complaint, Plaintiff's First Amended Complaint fails to plausibly allege that Defendants Time, Inc. and Meredith Corporation violated the ARL and should be dismissed.

While Plaintiff's amended complaint contains some new characterizations of the same exhibits that were attached to her original complaint, it adds no new factual allegations.  Plaintiff's ARL argument consists largely of repeating those characterizations and simply quoting from the ARL (which consumes roughly 50% of her brief).[1]  None of this, however, changes the content of the exhibits, which is what controls.  *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (the court is not required to accept as true allegations contradicted by exhibits to a complaint).  And, of course, quoting the applicable statute is not a substitute for factual allegations.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)("formulaic recitation of the elements of a cause of action will not do").

Plaintiff's exhibits still undeniably show that a consumer can only order a subscription *after* being informed that "subscriptions will automatically renew annually"; *after* then clicking on "Checkout now"; *after* then entering their credit card information; and then clicking on the "Submit order" button *after* seeing the

---

[1] Of 313 lines of argument dedicated to Plaintiff's ARL claim (Opp. at 6-17), at least 150 consist entirely or partially of quotations from the statute.

**Automatic Renewal Notice**.  (FAC Exhibit A; FAC Exhibit B.)  As this Court has already ruled, that sequence entails "affirmative consent" and complies with the ARL.

Plaintiff's Unfair Competition Law ("UCL") claim continues to fail for the separate reason that she lacks standing to pursue it.  Even after Defendants pointed out this deficiency, she still does not allege that she would not have purchased People Magazine "but for" Defendants' alleged failure to comply with the ARL.

Likewise, Plaintiff's claim for receipt of stolen property under California Penal Code § 496 still fails because she has neither alleged that Defendants specifically intended to defraud her nor the causation required for such a claim. And her claim for conversion still fails because, whether or not a technical ARL violation occurred, she consented to the transfer of the monies at issue.

2. **LEGAL ARGUMENT**

    A. **Hall's ARL Allegations Still Do Not Allege a Violation of the Statute**

Plaintiff's rehash of her argument that considering the "Advertisement Page" in isolation demonstrates an ARL violation fails for multiple reasons.  (Dkt. 30, Plaintiff's Opp. at 6-9.)  The "Advertisement Page" first notified Plaintiff that automatic renewal terms would apply to her transaction.  When Plaintiff then chose to proceed to the "Checkout Page," she received all of the statutorily required disclosure with additional detail and information about the automatic renewal terms of the transaction.  There is no statutory requirement that the full terms of the renewal must be set forth at every point in the offer flow.  A single, statutorily complete disclosure is all that is required.  The "Checkout Page" provides that complete disclosure in a conspicuous yellow box that fully complies with the requirements of the ARL.  The fact that Defendants chose to include an earlier, additional notice of the automatic renewal on the Advertisement Page does not

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
CLEVELAND

1   detract from Defendants' compliance with the ARL on the Checkout Page—it
2   simply provides an enhanced disclosure that goes above and beyond what the ARL
3   requires.

4                   **1.       Section 17602(a)(1)**

5           Plaintiff argues that Defendants violated § 17602(a)(1) by failing "to present
6   the automatic renewal offer terms or continuous service offer terms in a clear and
7   conspicuous manner before the subscription or purchasing agreement is fulfilled
8   and in visual proximity . . . to the request for consent to the offer." Cal. Bus. &
9   Prof. Code § 17602(a)(1). (Opp. at 9.)

10          Plaintiff alleges no new facts to support this theory. Instead, she repeats her
11  previous allegation—rejected by this Court—that because a navy-blue circle with
12  an offer for an "AllRecipes" subscription appears on the same page as the
13  automatic renewal notice and the "submit order" button, the automatic renewal
14  notice is not conspicuous or in visual proximity to the request for consent to the
15  offer. (Opp. at 9; Dkt. 26, First Amended Complaint, Ex. B at 5-6.). However, the
16  existence of the navy-blue circle is not a new fact that the Court failed to consider
17  during the last round of briefing. Nor does its presence change the fact that the
18  automatic renewal notice was both conspicuous and in the required visual
19  proximity to the request for consent because it "appeared just before the 'submit
20  order' button, and was highlighted in yellow with the words 'Automatic Renewal
21  Notice' bolded. As the Court already concluded on the same facts, ". . . Plaintiff
22  was adequately informed of Defendants' automatic renewal notice in plain and
23  conspicuous terms." (Dkt. 22, Order Regarding Defendants' Motion to Dismiss at
24  5 (citation omitted).)

25          Likewise, unfounded is Plaintiff's suggestion that the visual proximity
26  requirement means that automatic renewal offer terms must appear *immediately*

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
CLEVELAND

27
28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
CLEVELAND

preceding or next to the request for the consent to the offer—here the red "submit order" button. (*See* Opp. 11-12.) The plain language of the statute makes clear that this is not what is required. Thus, where, as here, "the statutory language is unambiguous, [courts] presume the Legislature meant what it said, and the plain meaning of the statute controls." *Miklosy v. Regents of Univ. of California*, 44 Cal. 4th 876, 888, 188 P.3d 629, 636 (2008). The ARL requires only that the automatic renewal offer terms be presented "in visual proximity . . . to the request for consent to the offer." Cal. Bus. & Prof. Code. § 17602.

Had the legislature intended to require that automatic renewal terms appear "immediately preceding or next to" the request for consent, or "on a page with absolutely nothing else on it," it would have used those words. It did not, and the Court should reject Plaintiff's suggestion that it rewrite the statute here. *California Teachers Assn. v. Governing Bd. of Rialto Unified Sch. Dist.*, 14 Cal. 4th 627, 633, 927 P.2d 1175, 1177 (1997) (courts have "no power to rewrite" statutes to conform to an intention not expressed by legislature).

The legislature chose "visual proximity" as the standard. Black's Law Dictionary defines proximity as "[t]he quality, state, or condition of being *near* in time, place, order, or relation." Black's Law Dictionary (11th ed. 2019)(emphasis added). The Oxford English dictionary defines proximity as "[t]he fact, condition, or position of being *near or close by in space; nearness.*" OED Online. December 2019. Oxford University Press. https://www.oed.com/view/Entry/153569?redirectedFrom=proximity& (accessed January 16, 2020) (emphasis added).

Because the red "submit order" button appears near the conspicuous automatic renewal terms—on the same page (and a single screen of a mobile phone) with only one other icon separating them—it is in visual proximity to the notice and plaintiff fails to allege a violation of the "visual proximity" requirement.

- 4 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
CLEVELAND

1   For these reasons and for the reasons already identified by the Court in its

2   prior dismissal Order, the Automatic Renewal Notice provided by Defendants and

3   depicted in the exhibits to Plaintiff's First Amended Complaint satisfies the

4   requirements of § 17602(a)(1).

5   ## 2.   Section 17602(a)(2)

6   Plaintiff also argues that Defendant violated § 17602(a)(2) because the

7   automatic renewal notice did not notify her that the price for the first year of the

8   subscription would differ from the price when the subscription automatically

9   renewed.  This is incorrect.  First, the automatic renewal notice in Exhibit B to

10  Plaintiff's First Amended Complaint informed Plaintiff that: "You will receive a

11  reminder of the renewal approximately 30 days in advance.  Your credit card or

12  method of payment will be charged at the time of purchase, and before the start of

13  each new annual term, at the rate stated in the notice."  (Dkt. 26 at Page ID #250.)

14  Second, the reminder notice that Plaintiff admits she received before the automatic

15  renewal occurred reminds her, again, that her subscription would automatically

16  renew, outlines the terms and how she could cancel, and then tells her the specific

17  price for the renewal year.  (FAC Exhibit C, Page ID #41-42.)

18  Even if the foregoing did not comply with the statute (it does), Plaintiff still

19  would not have adequately alleged a violation of § 17602(a)(2) because the

20  language requiring additional disclosures for promotional or discounted prices was

21  not enacted until July 1, 2018, almost a year after Plaintiff's alleged transaction.

22  *Compare* Cal. Bus. & Prof. Code § 17602(a)(3) (effective July 1, 2018) *with* Cal.

23  Bus. & Prof. Code § 17602 (2010) (repealed effective Jan. 1, 2019 by 2017 Cal SB

24  313).  Thus, as the Court found as to some of the allegations in Plaintiff's original

25  complaint, "because the relevant requirement didn't become effective until July 1,

26  2018," Plaintiff's theory and argument about Section 17602(a)(3) also fail.  (*See*

27  Dkt. 22 at 6.)

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
CLEVELAND

1    Plaintiff also rehashes the very same arguments she made, and the Court

2    rejected, by arguing that § 17602(a)(2) was violated because § 17602(a)(1) was

3    violated.  Defendants, however, did not violate § 17602(a)(1).  Plaintiff also

4    appears to renew her argument that Defendants failed to obtain the statutorily

5    required "affirmative consent" because there was "no prompt or feature on the

6    screen which operates to obtain the subscriber's affirmative consent to automatic

7    renewals." (Opp. at 7.)  Here again, Plaintiff repeats a misreading of the statute

8    already rejected by the Court.  As the Court explained, "Section 17602(a)(2) only

9    requires a consumer to affirmatively consent to '*the agreement containing the*

10   *automatic renewal offer terms*,' not the automatic renewal terms themselves."

11   (Dkt. 22, Order at 5.)  "[B]ecause Plaintiff clicked through two separate pages

12   containing the automatic renewal agreement before deciding to purchase her

13   People magazine subscription, Plaintiff affirmatively consented to the agreement

14   containing the automatic renewal offer terms."  (*Id*.)

15       Thus, Plaintiff's First Amended Complaint fails to allege a violation of

16   Section 17602(a)(2).

17            **3.    Section 17602(a)(3)**

18       Nothing new here either.  Plaintiff argues that the automatic renewal

19   reminder notice Plaintiff received before the renewal took effect "did not 'include[]

20   the automatic renewal offer terms, cancellation policy, and information regarding

21   how to cancel'" and that it did not provide the necessary information "in a manner

22   that is capable of being retained by the consumer." (Opp. at 11 (quoting

23   § 17602(a)(3).)  But Plaintiff already made this argument and the Court already

24   rejected it.  (Order at 6 ("[B]ased on Plaintiff's complaint, it's clear Defendants

25   complied with this statutory requirement. Indeed, Plaintiff alleges that . . . she

26   received a postcard from Defendants . . . . [that] informed Plaintiff she could

27   cancel her subscription before the automatic renewal went into effect by simply

28

1  dialing a 1 800 number.  Accordingly, Plaintiff doesn't adequately allege [a

2  violation of] Section 17602(a)(3).")  Plaintiff does not add any allegations that

3  change the fact that the postcard she received a month before the renewal

4  contained all the information noted by the Court and required by the statute.

5  Likewise, Plaintiff does not add any allegations or argue (nor could she) that the

6  postcard notice was not "capable of being retained" by her.  And, the notice itself

7  suggests she do just that.

8  　　　Plaintiff's brief also fails to address the fact that the current version of

9  § 17602(a)(3) that requires disclosures specific to a "free gift" did not come into

10  effect until almost a year after Plaintiff ordered her subscription and therefore is

11  entirely inapplicable to her claims.  (*See* Dkt. 28 at 13-14.)  The Court should

12  therefore consider Plaintiff to have conceded this issue.  *Kaelble v. Tulare Cty.*,

13  2016 WL 2743223, at *13 (E.D. Cal. May 11, 2016) (noting that a plaintiff's

14  failure to respond in her opposition to defendant's arguments in a motion would

15  allow, "for that reason alone," the court to grant a dispositive motion in favor of

16  defendant) (citing *Day v. D.C. Dep't of Consumer & Regulatory Affairs*, 191

17  F.Supp.2d 154, 159 (D.D.C. 2002) ("[i]f a party fails to counter an argument that

18  the opposing party makes in a motion, the court may treat that argument as

19  conceded")).

20  　　　For the reasons stated herein and in Defendants' initial brief, Plaintiff's ARL

21  claim fails.  Because her ARL claim is the sole basis for Plaintiff's other claims,

22  those claims fail as well and all should be dismissed.

23  　　**B.**　　**Plaintiff's UCL Claim (Count I) Also Fails Because She Lacks**

24  　　　　　**Statutory Standing.**

25  　　　Plaintiff's argument in favor of her UCL standing is nearly identical to the

26  argument she made in opposing Defendants' last motion to dismiss and therefore

27  warrants only a brief response here.  (*Compare* Dkt. 19 at 15-18 *with* Dkt. 30 at 17-

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
CLEVELAND

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
CLEVELAND

20.)  Contrary to Plaintiff's argument, the Supreme Court of California has made clear that, even under the unfair and unlawful prongs of the UCL, UCL statutory standing requires that the Plaintiff have suffered economic injury that she would not have suffered but for the alleged unfair business practice. *Kwikset Corp. v. Sup. Court*, 51 Cal. 4th 310, 322 (2011); *see also In re Turner*, 859 F.3d 1145, 1151 (9th Cir. 2017) (holding that UCL statutory standing is not satisfied if plaintiff "would have suffered 'the same harm whether or not a defendant complied with the law'"); *see also* Dkt. 16 at 10-11; Dkt. 20 at 5-7.

Plaintiff's complaint still fails to allege that she would not have suffered the same harm—*i.e.*, she would not have ordered or paid for her People magazine subscription—had Defendants complied with her (incorrect) readings of what the ARL requires and therefore fails to allege causation that would satisfy UCL statutory standing.

## C.  Hall's Section 496 Claim (Count II) and Conversion Claim (Count III) Fail for Additional Reasons.

Plaintiff's arguments in support of her § 496 and conversion claims are nearly identical to the arguments she presented in her brief in opposition to Defendants' motion to dismiss the original complaint.  (*Compare* Dkt. 19 at 18-27 *with* Dkt. 30 at 21-28.)  Defendants incorporate by reference the arguments made in their reply brief in support of the motion to dismiss the original complaint.  (Dkt. 20 at 7-9.)

To summarize, Plaintiff's § 496 claim must fail because she fails to allege that Defendant had the necessary knowledge and intent and because she fails to allege reliance or causation. *See, e.g., AdTrader, Inc. v. Google, LLC*, No. 17-cv-07082-BLF, 2018 WL 3428525, at *9 (N.D. Cal. July 13, 2018).

Additionally, her own allegations doom her conversion claim because Hall voluntarily ordered a subscription and therefore consented to the transfer of the

funds she claims were "converted" by to Defendants.  *See Klett v. Sec. Acceptance Co.*, 38 Cal. 2d 770, 789 (1952); *Driver v. Acquisto*, 145 Cal. App. 2d 304, 308 (1956).

**3.**     **CONCLUSION**

Defendants respectfully request that the Court dismiss Plaintiff's complaint in its entirety and deny leave to amend.  Plaintiff has already received leave to amend once and has not demonstrated that, given another opportunity, she would be able to add any allegations that would make her claims viable.

Respectfully submitted,

Dated: January 17, 2020          **BAKER & HOSTETLER LLP**

By:     */s/ Kyle T. Cutts*
        MICHAEL K. FARRELL (*pro hac vice*)
        KYLE T. CUTTS (CA BAR NO. 257641)
        DANTE A. MARINUCCI (*pro hac vice*)
        Key Tower
        127 Public Square, Suite 2000
        Cleveland, OH  44114-1214
        Telephone:     216.621.0200
        Facsimile:     216.696.0740

        MARCUS S. MCCUTCHEON (CA BAR NO. 281444)
        600 Anton Boulevard, Suite 900
        Costa Mesa, CA 92626-7221
        Telephone:     714.754.6600
        Facsimile:     714.754.6611

        *Attorneys for Defendants*

MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO.: 8:19-CV-01153-AG-ADS